IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AMY WHITLEY, individually and as next friend to L.K.W., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL CASE NO. 4:16-cv-362 |
| DR PEPPER SNAPPLE GROUP, INC., | § § § | |
| Defendant. | § § | |

## NOTICE OF REMOVAL

Defendant Dr Pepper Snapple Group, Inc. ("DPSG"), by and through counsel, submits this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, as described below:

### Commencement and Service

1.  On April 28, 2016, Plaintiff Amy Whitley, individually and as next friend to L.K.W. (hereinafter collectively referred to as "Plaintiff"), commenced this action against DPSG by filing Plaintiff's Original Petition in the 417th Judicial District Court of Collin County, Texas, styled Cause No. 417-01866-2016, *Amy Whitley v. Dr. Pepper Snapple Group, Inc.*[1]

2.  Plaintiff served DPSG with the summons and Plaintiff's Original Petition through its designated service agent on May 4, 2016.[2]

3.  This Notice of Removal is filed within thirty (30) days of DSPG's receipt of Plaintiff's Original Petition and within one year of the commencement of this action in accordance with 28 U.S.C. § 1446(b).

---

[1] A copy of Plaintiff's Original Petition filed in the state court is attached as Exhibit B.
[2] A copy of the civil citation, which establishes service of the Original Petition in the state court is attached as Exhibit C.

**Plaintiff's Allegations and Factual Background**

4. The Original Petition alleges facts that claim DSPG improperly denied Plaintiff certain health care benefits for medical services related to the treatment of her child's Autism Spectrum Disorder ("ASD") under the Dr Pepper Snapple Group Health Plan (the "Plan").[3]

5. DPSG sponsors the Plan, which provides health and welfare benefits to eligible employees of DPSG. The Plan qualifies as an employee welfare benefit plan, as that phrase is defined under § 3(1) of the Employee Retirement Income Securities Act, as amended ("ERISA"), 29 U.S.C. § 1002(1).

6. In her Original Petition, Plaintiff purports to state two causes of action against DPSG under Texas state law—(i) alleged violations of the Texas Commission on Human Rights Act ("TCHRA"), the Americans with Disabilities Act, as amended ("ADA"), and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); and (ii) alleged retaliation claims under the TCHRA, ADA and Title VII. Through the Original Petition, Plaintiff seeks to recover her purported benefits under the Plan, as well as economic damages, mental anguish damages, treble damages, pre-and post-judgment interest, court costs, punitive or exemplary damages, and attorneys' fees.[4]

**Grounds for Removal**

7. DPSG is entitled to remove the Original Petition filed in state court to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, because this action is based on a federal question.

---

[3] A copy of the Plan's governing document is attached hereto as Exhibit A.
[4] *See* Exhibit B at Paragraph 7.01

2

**Preemption by Federal Law**

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a)(1)(B) because Plaintiff's claim is completely preempted by ERISA.

9. A court looks only at the well-pleaded allegations in the complaint to determine whether federal subject matter jurisdiction exists. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Complete preemption is an exception to the well-pleaded complaint rule. *Id.* at 60. Where Congress has completely preempted an area of law, a plaintiff's state law claim will be "recharacterized" as a federal claim so that removal becomes proper. *Avoco Corp. v. Aero Lodge No. 735 Int'l Ass'n of Machinists and Aerospace Workers*, 390 U.S. 557, 560 (1968).

10. In *Taylor*, the Supreme Court of the United States held that state law claims falling within the scope of ERISA's civil enforcement provisions, including ERISA Section 502(a)(1)(B), are not only preempted, but are "wiped out" by ERISA. 481 U.S. at 60; *see also Arana v. Ochsner Health Plan*, 338 F.3d 433, 439 (5th Cir. 2003) (stating that state law claims that fall within the framework of ERISA Section 502(a)(1)(B) are completely preempted even if the plaintiff claims entitlement to relief under a state law remedy). ERISA provides the exclusive mechanism for adjudication of benefits under ERISA-governed plans, completely preempting state law and providing a basis for federal jurisdiction. *Id.*

11. ERISA Section 502(a) that "[a] civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *See* 29 U.S.C. § 1132(a)(1)(B).

12.     Three factors are necessary for a claim to be brought under ERISA Section 502(a):  (i) Plaintiff must have standing to bring a claim under ERISA § 502(a); (ii) Plaintiff's claim must be within the subject matter enforceable under ERISA § 502(a); and (ii) Plaintiff's claim must require interpretation of the ERISA plan.  *Lone Star OB/GYN Associates v. Aetna Health Inc.*, 579 F.3d 525, 529-532 (5th Cir. 2009)(citing *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) for the proposition that coverage and benefit determinations depend on interpretation of an ERISA plan).

13.     Though Plaintiff's Original Petition was not filed under ERISA Section 502(a)(1)(B), it clearly states a cause of action cognizable under ERISA Section 502(a)(1)(B). First, Plaintiff alleges that L.R.W. is entitled to coverage of medical expenses by virtue of her participation in the Plan.[5] Second, Plaintiff's claims that she is entitled to coverage of medical expenses under the Plan are enforceable under ERISA Section 502(a)(1)(B) because Plaintiff is seeking to recover benefits that she alleges were wrongfully denied under the Plan's terms.[6] Third, Plaintiff's claims will require that the Plan's terms be interpreted to determine if the alleged beneficiary is due payment for ASD treatment.[7]

14.     Because Plaintiff's Original Petition seeks to recover, among other things, medical benefits allegedly due under the Plan's terms, under *Metropolitan Life Ins. Co.*, Plaintiff's Original Petition states a cause of action under ERISA Section 502(a)(1)(B) and therefore is completely preempted by ERISA.

---

[5] See Ex. B at ¶¶ 6.4-6.5
[6] See Ex. B at ¶ 6.10
[7] See Ex. B at ¶¶5.6-5.12

**Federal Question Jurisdiction**

15.     Under ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1), this Court has federal question jurisdiction over Plaintiff's Original Petition as it implicates rights that exclusively arise under ERISA Section 502(a)(1)(B).

16.     ERISA provides for federal jurisdiction where one or all of a Plaintiff's claims against a defendant arise under and are within the scope of ERISA Section 502(a), 29 U.S.C. § 1132(a), ERISA's civil enforcement provision.  Congress intended for such claims brought in state court to be completely preempted by federal law and tried in federal court, and the Supreme Court has held that ERISA broadly preempts state law claims that relate to ERISA-governed plans.  *Pilot Life Ins. Co v. Dedeaux*, 481 U.S. 41, 47 (1987).  Plaintiff seeks to recover benefits purportedly due under an ERISA-regulated group benefit plan.  Such a claim is exclusively maintainable under ERISA Section 502(a).  Plaintiff's state law claims are therefore completely preempted, as a matter of law, by ERISA.  ERISA Section 502(a) provides the exclusive remedies for actions related to ERISA-governed plans.  Consequently this Court has original jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a)(1)(B).

17.     Removal therefore is proper under 28 U.S.C. § 1441, as Plaintiff's claims raise a federal question because her claims for relief against DPSG in Plaintiff's Original Petition arise exclusively under ERISA and 28 U.S.C. § 1331.

**Venue**

18.     Venue lies in the United States District Court for the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), because Plaintiff filed the state court action in this judicial district and division.

### Notice

19. DPSG will give notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d). DPSG will also file with the state court's clerk and will serve upon Plaintiff's counsel a notice of the filing of this Notice of Removal.

### Consent to Removal

20. As there is only one named Defendant, all defendants who have been properly served or provided notice of this suit at the time of removal seek and consent to this removal pursuant to 28 U.S.C. § 1446(a).

### Jury Trial

21. Plaintiff has demanded a jury trial in the state court action; however, no such right exists under ERISA. *See Borst v. Chevron Corp.,* 36 F.3d 1308, 1324 (5th Cir. 1994) ("ERISA law is closely analogous to the law of trusts, an area within the exclusive jurisdiction of the courts of equity....We have held, as have the majority of the other circuits, that ERISA claims do not entitle a plaintiff to a jury trial.")

### State Court Pleadings

22. Copies of all state court pleadings and orders are attached to this Notice of Removal. This case is being removed from the 417th Judicial District Court of Collin County, Texas, 2100 Bloomdale Road, McKinney, Texas 75071.

### Exhibits to Notice of Removal

23. The following documents are attached to this Notice as correspondingly lettered exhibits:

  A. The governing plan document of the Dr Pepper Snapple Group Health Plan;

  B. Plaintiff's Original Petition;

C.  Copy of Civil Citation; and

D.  Certified copy of the state court docket sheet.

## CONCLUSION

WHEREFORE, Defendant DPSG, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. §§ 1441 and 1446, removes this action from the 417th Judicial District Court of Collin County, Texas, to this Court.

**DATE: May 31, 2016.**

Respectfully submitted,

**MCDERMOTT WILL & EMERY, LLP**

/s/ Laura L. Gavioli
Laura L. Gavioli
Texas State Bar No. 24055538
McDermott Will & Emery LLP
2501 North Harwood Street, Suite 1900
Dallas, Texas  75201
Tel: (214) 295-8079
Fax: (972) 584-6162
Email: lgavioli@mwe.com

Michael T. Graham (*Pro Hac Vice to be filed*)
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL  60606-5096
Email:  mgraham@mwe.com
Tel:  312.984.3606
Fax: 312.277.6062
Email:  mgraham@mwe.com

ATTORNEYS FOR DEFENDANT
DR PEPPER SNAPPLE GROUP, INC.

**CERTIFICATE OF SERVICE**

I certify that on May 31, 2016, a true and correct copy of the foregoing was served in a manner prescribed by the Federal Rules of Civil Procedure to:

Austin H. England
The Harris Firm, P.C.
5050 West Lovers Lane
Dallas, Texas  75240

                                                  /s/ Laura L. Gavioli
                                                  Laura L. Gavioli

DM_US 73306787-1.097906.0022