IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AMY WHITLEY, individually and as next friend to L.K.W, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:16-cv-00362 |
| DR PEPPER SNAPPLE GROUP, INC., | § § § | |
| Defendant. | § | |

**MOTION TO CONSOLIDATE AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule CV-42, Defendant Dr Pepper Snapple Group, Inc. ("DPSG") moves to consolidate this case with *Amy Whitley, individually and as next friend to L.K.W and L.Q.W. v. Dr Pepper Snapple Group, et al.,* Civil Action No. 4:17-cv-0047 (the "ERISA Case"), which is also pending before this Court.

**I.
BACKGROUND**

A. **This case and the ERISA Case involve the same allegations of denied coverage for certain autism treatment to Plaintiff and her sons.**

On April 28, 2016, Plaintiff filed this lawsuit in state court against her current employer, DPSG. Dkt. #3 (Petition). DPSG removed the case to this Court on May 31, 2016. Dkt. # 1 (Removal). Plaintiff alleges that DPSG "discriminated and retaliated against her in violation of the Americans with Disabilities Act of 1990 ('ADA') after it denied coverage for Applied Behavior Analysis Treatment ('ABA Treatment'), a form of therapy for autism spectrum disorder," to her minor son, L.K.W. Dkt. #40 (Order on MSJ). Plaintiff and her son are insured under DPSG's Health Plan (the "Plan"), which does not cover ABA Treatment. *Id.* Plaintiff claims that the Plan's failure to cover ABA Treatment, and DPSG's amendment in 2016 to

1

expressly exclude such treatment from the Plan, constitutes discrimination and retaliation under the ADA. Dkt. #3 (Petition).

Plaintiff filed the ERISA Case in this Court on behalf of herself and both of her minor sons—L.K.W. and L.Q.W.—on January 19, 2017. ERISA Case, Dkt. #1 (Complaint). Plaintiff filed the ERISA Case as a separate action because the deadline for amending pleadings in this ADA case had passed on October 26, 2016. Dkt. #24 (Scheduling Order). Plaintiff amended the Complaint in the ERISA Case on March 11, 2017, which alleges that DPSG and the Plan have violated ERISA because the Plan does not cover ABA Treatment for her sons. ERISA Case, Dkt. #6 (First Amended Complaint).

The same nucleus of facts applies to all of Plaintiff's claims in both cases. She alleges that she and her children were denied coverage for ABA Treatment under an ERISA governed Plan. In one case she asserts that this denial of coverage violates the ADA, and in the other she claims that it violates ERISA.

## II.
## ARGUMENT AND AUTHORITIES

**A.  Consolidation is proper for lawsuits involving common questions of law and fact.**

Federal Rule of Civil Procedure 42(a) "provides district courts with broad authority to consolidate actions that 'involve a common question of law or fact.'" *Luera v. M/V Alberta*, 635 F.3d 181, 194 (5th Cir. 2011) (quoting Fed. R. Civ. P. 42(a)); *see also Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993) ("Under F.R.Civ.P. 42(a), a trial court may consolidate multiple actions if the actions involve common questions of law or fact."). "Consolidating actions in a district court is proper when the cases involve common questions of law and fact and the district court finds that it would avoid unnecessary costs or delay." *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161 (5th Cir. 1992). Applying this standard,

"[c]ourts frequently consolidate cases that substantially overlap." *United States v. Homeward Residential, Inc.*, No. 4:12-CV-461, 2016 WL 777000, at *2 (E.D. Tex. Feb. 29, 2016) (Mazzant, J.); *see also* Local Rule CV-42(a) (requiring parties for purposes of potential consolidation to notify the court when an action "involves subject matter that either comprises all or a material part of the subject matter or operative facts of another action").

**B.     The Court should consolidate this case with the ERISA Case.**

The relevant criteria dictate that the Court should consolidate this case and the ERISA Case. Both cases are pending in this Court before the same judge. All of the parties to this case are also parties to the ERISA case. And most importantly, the two cases present common questions of law and fact. Plaintiff's claims are virtually identical in both cases: she takes issue with the 2013 Summary Plan Description—which does not specifically mention ABA Treatment—as well as the 2016 Summary Plan Description—which expressly excludes ABA Treatment from coverage—and she claims that the denial of coverage forms the basis for both lawsuits. In the current case, she claims that refusing to cover ABA Treatment for herself and one of her sons violates the ADA, and in the ERISA Case she claims that the *very same* denial of coverage constitutes a violation of ERISA on behalf of herself and both of her sons because the Plan applies "separate treatment limitations (here, exclusion of ABA therapy) that are applicable only with respect to mental health or substance use disorder benefits." ERISA Case, Dkt. #6 (First Amended Complaint). Both cases turn on the scope of coverage for autism spectrum disorders under the 2013 and 2016 versions of the Plan, including specifically the denial of ABA Treatment and the reasons therefor. Forcing the parties to litigate the same controlling legal and factual issues in both cases will result in unnecessary cost and inefficient use of judicial resources.

## III.
## CONCLUSION

For these reasons, DPSG asks the Court to enter an order consolidating this case and the ERISA Case, ordering that the Clerk of the Court merge the two cases into one lawsuit, and providing any and all other relief regarding consolidation of the cases to which DPSG is entitled.

    Respectfully Submitted,

    **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

    */s/ Gavin S. Martinson*
    Andrew T. Turner
    Texas Bar No. 24008968
    andrew.turner@ogletreedeakins.com
    Gavin S. Martinson
    Texas Bar No. 24060231
    gavin.martinson@ogletreedeakins.com
    Preston Commons West
    8117 Preston Road, Suite 500
    Dallas, Texas 75225
    Telephone: (214) 987-3800
    Fax: (214) 987-3927

    Eric P. Mathisen
    Indiana Bar No. 19475-71
    eric.mathisen@ogletreedeakins.com
    56 S. Washington St., Suite 302
    Valparaiso, IN 46383
    Telephone: (219) 242-8666
    Fax: (219) 242-8669

    **ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 16th day of June, 2017, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to all counsel of record.

                                */s/ Gavin S. Martinson*
                                Gavin S. Martinson

## **CERTIFICATE OF CONFERENCE**

      I hereby certify that on June 9, 2017, I complied with the meet and confer requirement in Local Rule CV-7(h) by conferring via telephone with counsel for Plaintiff (Austin England and Jodi Bouer), who stated Plaintiff is opposed to this Motion. Discussions regarding consolidation have ended in impasse, leaving an open issue for the Court to resolve.

                                */s/ Gavin S. Martinson*
                                Gavin S. Martinson

30144452.1